UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PATRICK TRAWICK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-212-DCLC-DCP |
| BRIAN ELLER, STEVEN ANDREWS, FRANK STRADA, and LISA R. THOMAS, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This is a pro se prisoner's civil rights action under 42 U.S.C. § 1983 that is proceeding against Defendants in their official capacities for declaratory and prospective injunctive relief [*See generally* Doc. 4]. Before the Court are "Plaintiff's Motion for Judgment of Default" [Doc. 11] and "Defendants' Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction" [Doc. 14]. Each party has responded in opposition to the motion of the other [*See* Docs. 13, 19, 21]. For the reasons set forth below, both motions [Doc. 11, 14] will be **DENIED**, and Plaintiff will be **ORDERED** to perfect service upon Defendants within 45 days of entry of this Order.

I.  **RELEVANT BACKGROUND**

The Court received Plaintiff's § 1983 complaint on April 25, 2024 [Doc. 1], and the associated filing fee a few days later on May 8, 2024. On June 14, 2024, the Court entered an Order screening the complaint and permitting Plaintiff to proceed with official-capacity claims against Defendants–State officials–for declaratory and prospective injunctive relief [*See* Doc. 4 p. 8, 9]. Summonses were issued on June 24, 2024, and inadvertently forwarded to the United

States Marshal Service ("USMS") for service [Doc. 5]. But because the Court's screening Order did not require service by USMS, the summonses were returned unexecuted on July 2, 2024 [Doc. 6]. On the same date, the Clerk sent Plaintiff service packets for Defendants [Doc. 6]. Thereafter, Plaintiff requested the Court enter an order requiring the USMS to serve the summonses, but because Plaintiff is not proceeding *in forma pauperis* in this action, the Court denied the motion and ordered Plaintiff to serve Defendants [*See* Doc. 9]. *See* Fed. R. Civ. P. 4(c)(3) (requiring USMS to serve process if the plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915).

On October 17, 2024, the Court received Plaintiff's motion for default judgment, in which Plaintiff avers that Defendants Eller and Andrews were served by certified mail on August 15, 2024, and Defendants Strada and Thomas were served on August 16, 2024 [Doc. 11]. Defendants entered a response opposing the motion on October 31, 2024 [Doc. 13], and on the same date, filed their motion to dismiss for insufficient service of process and lack of personal jurisdiction [Doc. 14]. Plaintiff filed a response opposing the motion to dismiss [Doc. 19], to which Defendants replied [Doc. 21]. This matter is ripe for review.

## II.     LAW AND ANALYSIS

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also* Fed. R. Civ. P. 12(b)(5) (permitting defense of "insufficient service of process" to be made by motion to dismiss). And as noted above, the only claims remaining in Plaintiff's lawsuit are official-capacity claims against State officials [*See* Doc. 4 p. 8]. The Court must, therefore, construe Plaintiff's case as one against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989); *see Moore v. Hoseman*, 591 F.3d 741, 746–47 (5th Cir. 2009) (providing state officials are considered entities to be served under Rule 4(j)).

2

To properly serve process on a state, a plaintiff must serve a copy of the summons by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "in the manner prescribed by that state's law[.]" Fed. R. Civ. P. 4(j)(2)(A)-(B). Under Tennessee law, service shall be made by "delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). Service by certified mail is authorized under Tennessee law, and the mail shall be addressed to the appropriate individual (in this case, the attorney general of the state, or any assistant attorney general). *See* Tenn. R. Civ. P. 4.04(10).

Here, Plaintiff did not properly effect service, as he did not deliver it to the State's chief executive officer[1] or send it via certified mail to the attorney general or an assistant attorney general. *See* Fed. R. Civ. P. 4(j); Tenn. R. Civ. P. 4.04(6), (10). Instead, the summonses issued to Defendants Andrews and Eller were delivered to the Northeast Correctional Complex ("NECX") on August 15, 2024, and the summonses of Defendants Strada and Thomas were delivered to the office of the Tennessee Department of Correction ("TDOC") on August 16, 2024 [Docs. 10, 11]. Accordingly, Defendants have not been properly served, and Plaintiff's motion for default judgment [Doc. 11] will be denied.[2]

But Plaintiff's failure to properly serve Defendants to date does not necessarily require the Court to grant Defendants' motion to dismiss this action. Typically, if a plaintiff does not serve

---

[1] "The chief executive officer of Tennessee for purposes of service is the governor[.]" *Robinson v. Tennessee Highway Patrol*, No. 1:16-CV-01296, 2017 WL 3234390, at *2 (W.D. Tenn. July 31, 2017).

[2] Even if Plaintiff had demonstrated Defendants are in default, his request would nonetheless be denied, as he did not see a Clerk's entry of default prior to seeking default judgment. *See* Fed. R. Civ. P. 55(a), (b); *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk.").

defendants within 90 days of filing the complaint, the "court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for the failure, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff attempted to serve Defendants promptly after the Court denied his request for service by the USMS, and he attempted to serve Defendants within 90 days of the date the Court entered its Order screening his complaint [*See* Docs. 4, 8, 9, 10]. Given the circumstances, the Court finds good cause exists to extend the time to permit Plaintiff to effectuate service, and Defendants' motion to dismiss [Doc. 14] will be denied.

### III. CONCLUSION

For the reasons set forth above, the parties' motions [Docs. 11, 14] are **DENIED**, and Plaintiff will have an additional 45 days from entry of this Order to effectuate service on Defendants. The Clerk is **DIRECTED** to send Plaintiff service packets for Defendants, Plaintiff is **ORDERED** to promptly complete and return them to the Clerks' Office, and the Clerk is **DIRECTED** to sign and seal any received packets before returning them to Plaintiff for service.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge