**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

PATRICK TRAWICK,                          )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )     No.:    3:24-CV-212-DCLC-DCP
                                          )
BRIAN ELLER, STEVEN ANDREWS,              )
FRANK STRADA, and                         )
LISA R. THOMAS,                           )
                                          )
            Defendants.                   )

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, a prisoner housed at the Northeast Correctional Complex ("NECX") proceeding pro se in this civil rights action under 42 U.S.C. § 1983, has filed motions for (1) further discovery [Doc. 63] and (2) an extension of time within which to submit his Pretrial Narrative Statement ("PNS") [Doc. 65]. Defendants oppose Plaintiff's motion for additional discovery [Doc. 66] but have not responded to Plaintiff's motion to extend the deadline to file his PNS within the deadline to do so. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Defendants have waived opposition to Plaintiff's request for additional time within which to file his PNS. *See* E.D. Tenn. L.R. 7.2. For the reasons set forth below, Plaintiff's motion for further discovery will be denied and his motion for an extension of time within which to submit his PNS will be granted.

**I.      BACKGROUND**

Plaintiff, a "minimum-restricted inmate," filed this action after he was purportedly stabbed by a "violent and close custody inmate" at the NECX [Doc. 4 p. 2]. After screening Plaintiff's complaint in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A,

the Court permitted this action to proceed against Defendants solely "to enjoin enforcement of NECX policies or customs that fail to segregate dangerous inmates from vulnerable ones and thereby remedy an allegedly on-going, substantial risk to inmates" [*Id*. at 8]. Shortly before the discovery-related motions deadline expired, Plaintiff unsuccessfully sought to compel discovery responses from Defendants [*See* Doc. 53; *see also* Docs. 43, 46]. Defendants subsequently moved for summary judgment [Doc. 56]. That motion remains pending and has prompted the motions now filed by Plaintiff. Specifically, Plaintiff contends that he cannot properly respond to Defendants' summary judgment motion without additional discovery [Doc. 63], and he cannot file his PNS until the Court rules on his motion for additional discovery [Doc. 65].

## II.    ANALYSIS

Federal Rule of Civil Procedure 56(d) governs a nonmoving party's assertion that additional discovery is necessary before it can respond to a motion for summary judgment. It requires a nonmovant to show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition" to the summary judgment motion. Fed. R. Civ. P. 56(d). The purpose of the Rule "is to ensure the plaintiffs receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Ball v. Union Carbide Corp*., 385 F.3d 713, 719 (6th Cir. 2004)). But there is no absolute right to additional time for discovery under Rule 56(d). *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)); *see also Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017) ("And even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court 'may' extend the discovery deadline."). Instead, if the Court finds that the nonmovant has presented specified reasons why it cannot present facts to oppose the motion without additional

2

discovery, it may defer considering or deny the motion for summary judgment, allow additional time for discovery, or issue any appropriate order. *See* Fed. R. Civ. P. 56(d)(1)–(3).

When deciding a Rule 56(d) motion, the Court must consider whether, on balance, the nonmovant satisfies five factors set forth in *Plott v. General Motors Corp., Packard Electrical Division,* 71 F.3d 1190 (6th Cir. 1995) ("the *Plott* factors"). *See Pleasant-Bey v. Luttrell*, No. 2:11-cv-02138-TLP-tmp, 2021 WL 328882, at *16 (W.D. Tenn. Feb. 1, 2021) ("The Sixth Circuit has suggested that a district court also consider these factors when deciding a Rule 56(d) motion."). The five *Plott* factors are:

> (1) when the [nonmovant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [nonmovant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

*Plott*, 71 F.3d at 1196–97. But the "main inquiry is whether the moving party was diligent in pursuing discovery." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014). The Court considers these factors in turn.

*When Plaintiff Learned of the Issue Related to Desired Discovery*. There is nothing before the Court to indicate that Plaintiff was delayed in learning about the discovery he seeks, or that he was somehow prevented from learning about the desired discovery. This Court entered a Scheduling Order on November 14, 2024 [Doc. 20] that set a discovery cut-off of June 23, 2025 [*Id.*]. Plaintiff later sought to modify that deadline, and the Court granted his request and extended the discovery deadline through August 1, 2025 [Doc. 43]. Plaintiff did engage in discovery with Defendants and did attempt to obtain the discovery now sought. The obstacle to him obtaining the discovery, however, was his improper and late-filed requests [*See* Doc. 53]. Therefore, this factor weighs against Plaintiff.

3

*Whether Plaintiff's Desired Discovery Would Change Ruling*.  The only claim proceeding in this action is for injunctive relief to enjoin Defendants from enforcing TDOC policies and customs that permit minimum restrict and close custody inmates to be housed in the same unit.  As almost all of Plaintiff's proposed discovery requests are unrelated to inmate classification [*see* Doc. 63], the effect of additional discovery on the outcome of Defendants' motion is not evident.  This is particularly true given Defendants' invocation of sovereign immunity and their assertion that Plaintiff lacks standing.  Therefore, this factor is, at best, in equipoise.

*Length of the Discovery Period*.  Formally, the discovery period in this case extended from November 2024 through August 2025 [*See* Docs. 20, 43].  And the discovery period had already expired when Defendants filed their summary judgment motion.  Thus, Plaintiff was aware he needed to seek and obtain discovery to respond to any dispositive motions that would be filed by the dispositive-motions deadline set by the Court, and this length of time provided him ample opportunity to conduct discovery.  This factor weighs against Plaintiff.

*Whether Plaintiff Was Dilatory in Its Discovery Efforts*.  This is not a case where the parties had "no opportunity for discovery."  *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).  Rather, Plaintiff had over eight months to acquire any available evidence needed to respond to a dispositive motion.[1]  This was a sufficient discovery window.  *See, e.g., Peltier v. Macomb Cnty.*, No. 10-cv-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011) (finding that an extended five-and-a-half month long discovery period was sufficient); *see also Hall v. Navarre*, 118 F.4th 749, 755 (6th Cir. 2024) (finding that a 25-day discovery window was insufficient to demonstrate an abuse of discretion by the district court when combined with other negative factors).  Further, Plaintiff does not explain why he did not move to further extend deadlines during the active

_____

[1] It appears Plaintiff did not begin to request discovery until June 9, 2025 [*See* Doc. 46 p. 4].

4

discovery period.  And under Rule 56, "relief is generally unavailable if the need for additional information is attributable to the party's own lack of diligence during the discovery period." *Peltier*, 2011 WL 3320743 at *2.  This factor weighs against Plaintiff.

*Whether Moving Defendants Were Responsive to Discovery Requests*.  Plaintiff argues that he "cannot present facts essential to . . . justify his opposition because of defendant's failure to answer reasonable discovery request[s]" [Doc. 63 p. 2].  But Defendants responded to Plaintiff's initial Interrogatories, and their objections to certain requests were affirmed by the Court [Doc. 53 p. 2].  This factor focuses on "unresponsiveness" discovery requests, not the sufficiency of what was produced.  *Cline v. Dart Transit Co*., 804 F. App'x 307, 316 (6th Cir. 2020).  Therefore, this factor weighs against Plaintiff.

## III.    CONCLUSION

The balance of the *Plott f*actors weigh against Plaintiff.  Plaintiff did not timely pursue discovery within the window set by the Court despite his knowledge of the particular discovery he would need to defeat a summary judgment motion, and the effect of further discovery on the summary judgment ruling is speculative.  Accordingly, the Court finds that Plaintiff has not demonstrated an entitlement to further discovery, and his motion for same [Doc. 63] is **DENIED**.

But because Plaintiff maintains that a ruling on his motion for further discovery is necessary for him to determine what evidence he will present if this matter proceeds to trial, the Court finds his request for an extension of time within which to file his PNS [Doc. 65] well taken and **GRANTED**.  Plaintiff shall have through **February 13, 2026**, to file his PNS.  For purposes of equity, Defendants shall have through **March 12, 2026** to file their PNS.  The trial of this matter remains scheduled for **May 18, 2026** [*See* Doc. 20].

**SO ORDERED.**

5

**ENTER:**

s/Clifton L. Corker
United States District Judge